Pfeifer, J.,
concurring.
{¶ 23} I have no objection to the substance of the “limited writ” granted by this court today. There isn’t any substance to object to. But I am less than certain that the writ provides any meaningful guidance to the parties in the event that there are unresolved differences.
{¶ 24} What we have here is failure to communicate. And this court, despite proven resources at our disposal, does nothing to resolve that problem. This dispute cries out for mediation. For despite some heated rhetoric, there does not seem to be much disagreement between the parties as to the law. Rather than issuing a writ of any kind, this court should have taken the more prudent course of following a procedure that we frequently employ in public-records cases, and that is to encourage mediation upon the filing of the pleadings.
{¶ 25} At this point, we should order mediation. All sides here know what the law is; this court’s professional mediation staff could manage and monitor the production of documents. Mediation could facilitate a narrowing of the documents requested — some of what Representative Morgan has demanded may become moot or meaningless due to the fact that, not surprisingly, the majority leaders of the House of Representatives have significantly changed the governor’s proposed legislation. Further alterations will continue throughout the legislative process. Mediation could keep a bevy of lawyers from wasting their efforts and also save a good number of trees.
{¶ 26} We should take this public-records request seriously, and employ our best methods to encourage diligent communication between the parties in order to bring about a resolution that is consistent with Ohio’s strong tradition of open records. We have squandered an opportunity to ensure that this matter does not devolve into political theater.
{¶ 27} The parties themselves are still able to seek mediation through this court. This court’s skilled mediation staff is experienced in public-records mediation and remains an available and valuable resource.
*606 Richard Cordray, Attorney General, and Aaron D. Epstein, Pearl M. Chin, and Daniel C. Roth, Assistant Attorneys General, for respondent.